IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FLAGSTAR BANK, FSB, | : | CIVIL ACTION NO. |
| | : | 1:13-CV-1657-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JULIUS PITTMAN and ANNIE PITTMAN, | : | |
| | : | |
| | : | **FINAL REPORT AND** |
| Defendants. | : | **RECOMMENDATION** |

The above-captioned action was originally filed in the Magistrate Court of Henry County, Georgia. Defendants Julius Pittman and Annie Pittman, acting *pro se*, seek to remove this action from the Magistrate Court of Henry County to this Court. *See* Notice of Removal With A Federal Stay of Eviction Pursuant to 28 USCA 1446(D) ("Notice of Removal") [1]. This is the second time Defendants have sought to do so. *See Flagstar Bank FSB v. Pittman*, No. 1:12-CV-4326-TWT (N.D. Ga. Dec. 14, 2012).

The removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

When a state court action is removed pursuant to 28 U.S.C. § 1441, the Court must make an independent determination regarding the appropriateness of removal. Thus, governing law provides that:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Univ. of South. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction" and remand is mandatory when a court determines that it lacks subject matter jurisdiction, notwithstanding the presence of other motions

pending before the court). Accordingly, the Court must examine the Notice of Removal [1] to determine whether this action has been properly removed to this Court.

As the parties purporting to remove this action to federal court, Defendants have the burden of establishing that this Court has removal jurisdiction over the action. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). In order for removal to be proper, Defendants must show that the removed state court action either "aris[es] under the Constitution, treaties or laws of the United States" or involves only defendants that are not "citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b).

Defendants allege that the parties are citizens of different states. *See* Civil Cover Sheet [1-1] at 1. The Court notes, however, that Defendants list two Georgia addresses for themselves and that Defendants have sought removal to prevent their eviction because of an allegedly wrongful foreclosure. *See* Petition [1] at 1, 6 and Civil Cover Sheet [1-1] at 1. These items indicate that Defendants are citizens of Georgia. Because Defendants are citizens of the state in which the underlying action was brought, this matter may not be removed. *See* 28 U.S.C. § 1441(b)(2). In addition, this Court may

not exercise jurisdiction over diversity actions unless the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Defendants' Notice of Removal [1] omits any allegations in this regard. *See* Notice of Removal [1] at 2. Defendants' omission thus provides a separate reason why this Court may not adjudicate this matter under diversity jurisdiction.

It appears that Defendants are also attempting to remove this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331. The general test for whether a state court cause of action arises under federal law—the "well-pleaded complaint rule"—requires that a court look only to the face of the plaintiff's state court complaint to ascertain whether a claim has been asserted under federal law. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 84 (1989) ("The presence or absence of federal jurisdiction is governed by the 'well-pleaded complaint' rule."). "Under . . . long standing interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808 (1986) (*quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). The well-pleaded complaint rule does not allow a state court

4

defendant to assert federal defenses or counterclaims in order to remove a case to federal court. Any such attempts are insufficient to confer federal subject-matter jurisdiction. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D.Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

In the Notice of Removal [1], Defendants state that "The Respondent did violate 15 USCA 1692, Rule 60 of the [F]ederal Rule[s] of Civil Procedure." Notice of Removal [1] at 2. Defendants also allege that "The Magistrate Court of Henry County Dispossessory action is in violation of the 14th Amendment of the U.S. Constitution with respect to due process of law." *Id.* at 3. The attached Dispossessory Judgment and Order, *see id.* at 8, however, indicates that the underlying state court action is purely a matter of state property law arising from a foreclosure action. (Moreover, that Order reflects that the parties consented to its terms, thereby undermining Defendants' claims here. *See id.*) Therefore, the facts allege indicate that Plaintiff raised no question of federal law in state court. Any attempt by Defendants to remove this

5

action by asserting defenses or counterclaims which might raise questions of federal law under the FDCPA is thus inapt.

Accordingly, because Defendants have failed to establish that removal in this case is proper, this action must be remanded pursuant to 28 U.S.C. § 1446(c)(4). Thus, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Henry County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED** this 22nd day of May, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE